UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. DIRIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:18CV356-PPS/MGG |
| | ) | |
| WARDEN OF THE INDIANA STATE PRISON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, filed this lawsuit without paying the filing fee. He did not seek to proceed in forma pauperis, but he is barred from doing so by 28 U.S.C. § 1915(g) except for claims alleging that he is in imminent danger of serious physical injury. ECF 2 at 6. In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Dirig alleges he must use a wheelchair because he suffers from a loss of balance, weakness, and left leg numbness. ECF 2 at 7. He alleges he is housed in a cell that he is physically incapable of navigating. As a result, his cell is dark because he is unable to reach the light switch and he is at risk of falling when using the toilet. He further alleges that his cell block does not have an accessible shower and he has not showered in 12 days. These allegations state a plausible claim that he is in imminent danger. Dirig seeks

both monetary compensation and injunctive relief. However, claims for monetary damages based on past events are not genuine emergencies. Therefore he may only proceed on a claim for injunctive relief.

Dirig asks for extensive renovations to the prison, but "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore injunctive relief – if granted – will be limited to requiring the Indiana State Prison to house Dirig under conditions which do not violate the Constitution.

The only defendant Dirig named in his complaint was the State of Indiana. However, the proper defendant for his injunctive relief claim is the Warden of the Indiana State Prison in his official capacity. The Warden is the person who has both the authority and the responsibility to ensure that Dirig is not housed under conditions which present an imminent danger of serious physical injury.

ACCORDINGLY, the court:

(1) GRANTS Christopher J. Dirig leave to proceed against the Warden of the Indiana State Prison in his official capacity on an injunctive relief claim to house him

under conditions which do not subject him to imminent danger of serious physical injury;

(2) DISMISSES all other claims;

(3) DISMISSES the State of Indiana;

(4) DIRECTS the clerk to add the Warden of the Indiana State Prison as a defendant;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Indiana State Prison at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(6) ORDERS the Warden of the Indiana State Prison to file an affidavit or declaration with the court by **May 30, 2018**, explaining how Christopher J. Dirig is being housed so that he is not in imminent danger of serious physical injury; and

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 16, 2018.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT