UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. DIRIG, | | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 3:18-CV-356-PPS-MGG |
| RONNIE NEAL, | | |
| Defendant. | | |

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). He did not pay the filing fee and he is barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g) except for claims alleging that he is in imminent danger of serious physical injury. ECF 2 at 6. In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Dirig alleges he is unable to walk. He alleges he is housed in a cell that he cannot safely navigate. As a result, he is at risk of falling when using the toilet. He allege his cell block does not have an accessible shower and he has not showered in 37 days. These allegations state a plausible claim that he is in imminent danger. Though Dirig seeks both monetary compensation and injunctive relief, claims for monetary damages

based on past events are not genuine emergencies. Therefore he may only proceed on a claim for injunctive relief.

"The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore injunctive relief – if granted – will be limited to requiring that Dirig be housed under conditions which do not place him in imminent danger of serious physical injury.

Dirig named eleven defendants. However, the defendant necessary for the injunctive relief claim is Warden Ronnie Neal in his official capacity. The Warden is the person who has both the authority and the responsibility to ensure that Dirig is not housed under conditions which present an imminent danger of serious physical injury.

For these reasons, the court:

(1) GRANTS Christopher J. Dirig leave to proceed against Ronnie Neal in his official capacity on an injunctive relief claim to house him under conditions which do not subject him to imminent danger of serious physical injury;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford Health Sources Incorporated, Nancy B. Marthakis, M.D., Nurse Tiwona L. Stewart, Cheri Fritter, George Payne, Jr., Mr. Griffin, Lt. McNeal, Sgt. Raddich, Ms. Buss, and Ms. Hale;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ronnie Neal at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 22) as required by 28 U.S.C. § 1915(d);

(5) ORDERS Ronnie Neal to file an affidavit or declaration (with statements and reports from medical and custody staff as necessary) by **June 21, 2018**, explaining the medical condition of Christopher J. Dirig, his housing conditions, how he is able to safely use the toilet and shower, and any other relevant information about how he is being housed so that he is not in imminent danger of serious physical injury; and

(6) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Ronnie Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 13, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT